Good afternoon. Illinois Appellate Court First District Court is now in session. The Sixth Division, the Honorable Justice Sharon O. Johnson presiding. Case number 22-1644, Kipou v. Jerome Carson. Good afternoon. I'm Justice Sharon O. Johnson. I'm joined by my colleagues, Justice Michael Hyman and Justice Carl Walker. We will first inform you that we do have a few observers on today. We have students from the DePaul University School of Law Appellate Clinic and also a student from the Texas Southern School of Law. You'll each be granted 20 minutes in which to present your argument on today with the appellants being given additional time for, I'm sorry, not additional time, but the ability to use part of that time in order to make a rebuttal argument. Will the appellants' counsel please state your appearance for the record? Yes. Chris Bendick from the Office of State Appellate Defender for Jerome Carson, the appellant. Thank you. And would you like to reserve any time for rebuttal? A few minutes, Your Honor. Five minutes at max. Okay. And appellees' counsel? Assistant State's Attorney Tasha Marie Catley on behalf of the people. Thank you. Welcome. All right. Counsel for the appellant, you may begin. May I please the court? Good afternoon, Your Honor's counsel. On January 16th, this court granted Jerome Carson's petition-free hearing withdrew the previously issued Rule 23 order. In granting the petition, this court should alter its prior holding and conclude that post-conviction counsel provided unreasonable assistance to Carson. Remand for further second-stage proceedings with new counsel should occur for two reasons. First, post-conviction counsel's purported Rule 651C certificate failed to raise the rebuttable presumption of compliance with that rule where counsel failed to avere to having reviewed portions of the record necessary to adequately present Carson's constitutional claim. The state makes no argument that post-conviction counsel actually reviewed the 2012 petition-free relief for judgment or the transcripts. Let me just jump in for a second on that issue that you're about to go into. Generally, the 214-01 petition is filed. That's usually a separate action. That's not a part of the action, the matter that's going before the court, the criminal action. It's a separate action asking that the judgment be reviewed because it's void or whatever the reason might be. Why would counsel have an obligation to review this separate action, especially if... Well, I'm going to come to my next point in a second. I'm going to just say, why would counsel have an obligation to review this separate action, not a part of the case that we're currently dealing with on the post-conviction appeal? Well, just like a post-conviction petition is a collateral remedy, petition-free relief for judgment is collateral remedy. That's part of the common law record, Your Honor. That needs to be was filed and it was a record. Is there any case law supporting your position? The case law that I read says what Justice Walker just said and says it's an independent proceeding and it doesn't apply here. Your Honor, regarding People v. Davis and People v. Perkins, it makes it clear that post-conviction counsel must review as much of the record that includes the common law record and the report of proceedings. I believe Justice Walker might've dropped off here. Do you want me to stop, Your Honor? I apologize. Let's give him a moment since you're addressing his question in part. I'm sure there was nothing you said. I hope not. You haven't had too many difficulties with the Zoom. That's good to hear. Prior argument, one of the attorneys did freeze a couple of times. Luckily, he wasn't up for long, which was rare. We haven't seen that. Oh, at the one o'clock argument? Yeah, one o'clock, yeah. Okay. Okay, Justice Walker has returned. Yes, I apologize. Something's going on with the internet. Okay, Attorney Bendick? In relation to Justice Hyman and Justice Walker's questions, um, yes, it was required to review the petition for relief for judgment from 2012. People v. Davis and People v. Perkins make it clear that when appointed counsel is required to examine as much of the transcript of the proceedings as necessary to adequately present and support the constitutional claims by petitioner. And here, Jerome Carson clearly put on notice to post-conviction counsel that culpable negligence, or the lack thereof, was going to be at issue. And, of course, for any reasonable assistance of counsel to occur here... Mr. Bendick, I'm going to come back to Justice Hyman's questions. He just asked you, was there any case law? I did hear the question. I didn't hear your beginning answer, but I was still on when he asked the question. So, but is there any case law to support that? Because you're saying review the record of proceedings, but those are separate proceedings. But, your honor, it's all under the same criminal case. This is filed under the criminal case number and that is part of both the common law and the report of proceedings. Any exhibits? That's not the question. The question... Those all need to be reviewed. I understand that and I understand your argument. The question, though, is in all the years that this has been out there, is there any case that says that the 1401 proceedings are to be reviewed along with the trial, even though it's considered an independent and separate action? Is there any case law that has put that together, which is what you're asking us to do? If you can give us a case. Your honor, I would say there is no direct case that says specifically PRJs must be reviewed. However, when you apply Davis and Perkins and then, of course, all the Illinois Supreme Court precedent thereafter, including and up until Addison and various cases in the last year, all of those cases make it clear that post-conviction counsel has a duty to review all the pertinent parts of the record and it also makes it a duty to provide reasonable assistance in order to overcome any procedural bars that might be at issue in the case. And, of course, here, Carson put it on notice in his post-conviction petition. Hey, this is a late petition. Lack of culpable negligence because XYZ. And any reasonable counsel here would then have gone back and looked at the common law record and found there was a petition for relief for judgment filed in 2012. Maybe I should look at the contents of that petition for relief for judgment. And guess what? Had counsel actually done that, counsel would have learned that there was an explanation, at least for the period from December of 2012 until April of 2014, for why the pro se petition here wasn't filed during that period. And that time period falls right in line with case law finding a lack of culpable negligence on the part of the petitioner. The state never addressed it. But you agree, Mr. Bendick, that here the timeliness is not really an issue because that was not the basis of the trial court's decision. And that's immaterial, Your Honor. Okay. People v. Addison makes that clear, that if counsel provides unreasonable assistance, we don't get to whether the circuit court dismissed the petition on the merits or timeliness or other procedural bar. We look solely, and this court looks solely at post-conviction counsel's reasonable or unreasonable assistance. And here it's inarguable that post-conviction counsel provided unreasonable assistance where his certificate did not raise the rebuttable presumption of compliance, where clearly the state's not arguing this, that it put in there that post-conviction counsel reviewed the PRJ from 2012. We all know that he didn't because at the post-conviction hearing, he tells the circuit court, yeah, this came to Carson in 2015, when of course the petition for relief for judgment rebuts that clearly. And post-conviction counsel here had done any seconds review of this common law record. And then the transcripts, post-conviction counsel would have learned there was additional evidence to demonstrate Carson's lack of culpable negligence here for an untimely. There's case law that supports what you're saying now. So we're going to move on. But this, tell us how this is more like Jackson. How is this record so empty as Ms. Kelly argues in her answer to your petition for rehearing, that this case is not like Jackson. This record is not so that we should send it back for further proceedings. Well, as you identify your honor, our first argument is that this should be remanded for second stage proceedings because of the unreasonable assistance here, whether a rebuttal presumption attached or not. But should this court feel that there's any ambiguity in the record here as to why post-conviction counsel did not include these facts as to the petition for relief for judgment proceedings from 2012 to 2014. People v. Jackson allows this court and its Illinois Supreme Court rule 615 powers to remand the case for post-conviction counsel to provide more information and to fill in the emptiness of that record as to why those facts weren't included either in an amended petition in response to the state's motion to dismiss or at the hearing on the state's motion to dismiss. Your honors, if this court has no further questions as to both why a rebuttable presumption did not attach here because the certificate was deficient in stating that post-conviction counsel had reviewed the 2012 petition for relief for judgment documents and transcripts, or if this court concludes that the rebuttable presumption did attach that that was rebutted here because of post-conviction counsel's unreasonable argument and unreasonable assistance at the state's motion to dismiss where it misinformed the circuit court as to the actual timing of the events, this court should remand the case for further second stage proceedings with the appointment of new counsel because as People v. Addison has made clear again, this error cannot be harmless. We don't get to the merits of the petition at all. That's been unbroken for 30-40 years now going all the way back to Johnson. This court should remand for those proceedings. Alternatively, if this court feels there's any emptiness in the record that was caused by post-conviction counsel's representation, it should remand for second stage proceedings for the counsel to fill in those gaps. Just so we're clear, could you repeat what you say are those gaps? Yes, your honor. There's the potential, and as we recognize both in the opening brief and in the petition free hearing, that there might be an explanation out there, albeit we don't think that there is because post-conviction counsel clearly misinformed the circuit court as to the timing of the discovery of the claim. Post-conviction counsel said, oh, this occurred to him in March of 2015, answering the circuit court's question, which of course that's not true. We all know that's true. The state's not trying to say that it's true, but maybe there's a reason why post-conviction counsel said that and then did not fill in the details as to the 2012 PRJ pending until April of 2014. So that would be the emptiness of the record. If your honors have no further questions at this time, we ask for the relief, both in the briefs and in the petition free hearing, and ask this court  to adjourn. Thank you very much. Attorney Kelly? Well, again, may it please the court, I am Assistant State's Attorney Tasha Marie Kelly on behalf of the people. And I do apologize, I'm recovering from pneumonia, and so my voice is a little weak. So if you can't hear me, just please ask me to speak up. So I guess when it comes down to it, Petitioner has come here today to tell you what was wrong with the original Rule 23, and I'm here to tell you that you got it right when you concluded that Petitioner's remand post-conviction counsel had satisfied his duties pursuant to 651C, particularly in regards to filed by a petitioner here. He raised three claims, and I'd like to address the first and the third claim, which the first claim goes to the heart of the issue here, which is the scope of post-conviction counsel's duties in defending against culpable negligence and untimeliness. So Petitioner's main complaint here is that his remand post-conviction counsel's 651C affidavit does not indicate that he reviewed the 2012-214-01 petition. So the question is, was he required to do so pursuant to 651C and the law governing it? And does this court's original Rule 23 have inconsistent analysis when it comes to that point? Well, can I ask, it's the opposite of the question I had. Is there a case you would point to to say that the affidavit did not need to address the 14-01 petition? There is. I would say that Perkins addresses it because in Perkins, the Supreme Court specifically addressed post-conviction counsel's responsibilities as far as defending against culpable negligence and untimeliness. And the Supreme Court specifically said that in discharging this duty, post-conviction counsel has two responsibilities. The first responsibility is to inquire of the Petitioner whether there was any excuse for the delay in filing. And it's clear that he did that. He spoke with Petitioner and he filed an affidavit that contained Petitioner's reasons for the delay. And the second thing that post-conviction counsel has to do pursuant to Perkins is allege any excuse that's apparent from the pleadings in the portions of the record that counsel must review to present Petitioner's constitutional claims. So this language from Perkins makes it clear that there's no additional obligation for post-conviction counsel as far as scouring the record beyond what counsel was already required to review to ensure the adequate presentation of his post-conviction claims. And Petitioner here has never complained that his substantive post-conviction claims were presented inadequately or that the 214-01 needed to be reviewed in order to adequately present those claims. He's only said that there was potentially additional culpable negligence information that was available. But Perkins makes it clear that there's no responsibility for post-conviction counsel to review any additional parts of the record just for... Well, so Ms. Kelly, it's not clear to everyone that Perkins makes it clear because Perkins, that wasn't an issue in Perkins and so Perkins didn't address head-on whether or not counsel was required to review the 214-01 petition. But Perkins does require counsel to address any issues that may create a procedural bar. So can you just reconcile that or if you follow what I'm saying, if you're able to reconcile it, please do. Well, but Perkins does talk about how 651C requires post-conviction counsel to allow a petitioner to overcome a procedural bar. But it also says that in discharging that duty, it's within these particular parameters and those parameters are speaking to the petitioner himself. And from presenting any facts that are apparent in those portions of the record that he was or substantive claims. We don't know what he discussed with his client when he spoke with the client. So how do we ascertain whether or not counsel appropriately represented what the discussion was, what excuses his client may have given him during that conversation? Well, petitioner has never alleged that there was additional information that he provided to his remand counsel that wasn't included in the affidavit. All he has ever alleged is that there was this time period from 2012 to 2014 that would have helped him defend against untimeliness, which in and of itself sort of doesn't make sense because all that would show us is that the petition was perhaps slightly less untimely. Because you have to keep in mind that the 214-01 itself was filed six years after the plea of guilt. And then the post-conviction petition was filed 11 months after he withdrew the 214-01 petition. But you do realize, Ms. Kelly, that the 214-01 can be filed at any time where you're dealing with something that's void. Of course, of course. My only point is that at the point that he's trying to make is that he is saying post-conviction counsel should have looked at the 214-01 and that the existence of that 214-01 would have provided a basis for him to argue, well, I didn't file my post-conviction between 2012 and 2014 because I had this pending 214-01. Well, the response to that is by the time that you filed your 214-01, which obviously can be filed at any time, you were already six years past the time that you entered your plea of guilt. So you were already three years late in 2012. Any post-conviction so in 2012 wouldn't excuse or make your post-conviction timely. I hope I've explained that properly. I understand what you're saying. Yeah. So the other point that petitioner raised in his petition for rehearing is the request for alternative relief pursuant to Jackson. And as we argued in our response to the petition for rehearing, there's not the same kind of emptiness in this record as there was in the Jackson case. So in the Jackson case, the reviewing court literally couldn't assess the unreasonableness of post-conviction counsel's performance because they didn't know what, if any, actions post-conviction counsel took in order to find this evidence that the petitioner wanted presented. But we don't have anything like that here. What we have here, according to petitioner, is a possible reason that remand post-conviction counsel didn't review the 2012-214-01 petition. But as I've stated to this court, the remand post-conviction counsel was not required to We know that he addressed timeliness. He did what the court asked him to do on remand. And so this is just a completely different situation than we had in Jackson. And lastly, I would just state, as you pointed out, Justice Walker, that it's clear from the record that this case ultimately at the circuit court level was dismissed because of the substance of the issues and that the circuit court considered the issues and decided that they were substantively without merit. And this was not a case that was decided based on timeliness. And as such, a remand is not necessary here to get more information as to timeliness or culpable negligence because the outcome of this case would not change even if the court was to find that or was to excuse the untimeliness of the petition. But I think Perkins may be a little bit broader than what you're stating, Ms. Kelly, because Perkins says that counsel is required to review any available facts. So if Mr. Carson actually told counsel, and we don't know, about the 214-01, then counsel was required to discuss that in the 651-C. But we don't know. So that's where the Jackson issue comes in. That's what counsel is arguing here, is that he's arguing that there are some gaps in what counsel presented. We do know that counsel gave the court false information, which this court actually relied on in its prior order, about whether the timing of when all these documents were filed. So, and now we're clear about that based upon your filings, the both of you, and also our argument here today. But it seems to me, though, that if counsel knew about it, again, we don't know, but if counsel knew about it, then it doesn't matter whether or not what we, what three of us, the three justices have been discussing the whole time about whether or not there was an obligation to review that. There is an obligation if you knew about that, according to Perkins, you would agree to that, correct? It does say that he is required to present, to have a conversation with the petitioner, tells him, yes. So, but any available facts, right? Yeah. I mean, to cut you off, but that's what it says. Yeah, that's what Perkins says. Okay. In response to that, Justice Walker, I would just point out that Justice Hyman, just a few minutes ago, did ask petitioner's counsel what the silences in the record were. And his response as to what the silences in the record were was not that petitioner may have told his counsel about this 2012 214-01 petition. It was that there may have been a reason that post-conviction counsel decided not to include the 214-01. So, it's really more of a question of strategy or a mental decision that was made by Rubinman post-conviction counsel, but he's not alleging that there was any conversation and that that is the silence in the record. Well, right. And the reason might be that Mr. Carson never told him about that. And that's why he didn't, it wasn't included. So, it comes back to this, and I know it's kind of, it's flowing both ways, but it's, if he were, we don't know. That's the thing. We don't know. And that's why Mr. Bendick is arguing, as he does in his brief, more so than he has done today, that Jackson applies. And you agree that Jackson is good law. You distinguish Jackson. Is that correct? Yes. Yeah. You agree it's good law, but you say that this is not Jackson. Yes. That's our position. And I guess you're, your brief explain, or argue that you can, if you like. You don't have to, because we understand what your position is. Yeah. I don't want to belabor the court beyond what is in my brief. It just factually, it's such a different situation where, like I said, in that case, you literally couldn't determine the unreasonableness of counsel's performance because her actions were unclear and more information was needed. And that's just not the case here, where we know that there was a conversation. We know that following the conversation, there was a affidavit filed on behalf of petitioner, which included his reasons for the untimeliness. And, you know, for that reason, there isn't the sort of emptiness in the record that there is in Jackson. Okay. Are there any additional questions for counsel? Thank you very much. Appellant's counsel, you reserved five minutes for rebuttal. Thank you. I'd like to start with the states. Again, asking for some sort of harmless error here. That simply doesn't apply. I don't think I need to say any more than that. Paragraphs 39 to 42 make it clear. We don't determine what the basis was for the dismissal at the circuit court level. We determine whether counsel was reasonable or unreasonable. And if it was unreasonable, we send it back for second stage proceedings with the appointment of new counsel. In regards to the Jackson issue, counsel is partially right. This is an even worse situation than Jackson because not only do we have emptiness as to a pertinent fact as to this PRJ, we then have post-conviction counsel misinforming the circuit court about culpable negligence or the lack thereof. So this is not a situation where Jackson relief would be inappropriate. It's actually screaming for Jackson relief if this court determines that the record is empty that we can't determine one way or the other whether there was reasonable or unreasonable assistance here. But our initial argument still stands. There was unreasonable assistance here because as Justice Walker identifies, post-conviction counsel is required to amend an untimely pro se petition to allege any available facts necessary to establish against culpable negligence. And here, the available facts were readily identified. In fact, this court's already bounced this case back one time previously because of post-conviction counsel's unreasonable assistance for failure to even know what culpable negligence as a concept, as a legal concept was. If post-conviction counsel gets this case on remand and then doesn't read that opinion and learn that there was a petition for relief for judgment filed in Carson's case in 2012, I mean, I don't know what reasonable counsel would be doing in that instance. And here, the state mentions that, you know, culpable negligence that there's no way that culpable negligence essentially could have been met based on the facts here. Our argument, and as explained in the opening brief, culpable negligence, this is right in the ballpark of where courts have found a lack of culpable negligence. This is also in the ballpark where they have found culpable negligence. So that's an issue for the circuit court to determine, though. Post-conviction counsel had a duty to review the PRJ that not being in the 651C certificate failed to raise a rebuttable presumption of compliance with that rule and counsel's actions, whether this court finds rebuttable presumption or not, demonstrates that Carson received unreasonable assistance and this court is required to remand in such an instance. If this court has no further questions for myself, we ask petition for a hearing. And thank you, Your Honor, for this time. Any questions from the panel members? Thank you very much for your presentation on today. You have certainly given us a novel issue in which to consider. We will take everything under advisement and issue our ruling accordingly. Thank you. Thank you. Thank you.